UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT H. TUCK**  　B.O.P. # 94936-020 | : | **DOCKET NO. 15-cv-2556** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHARLES MAIORANA ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint [doc. 1] filed *in forma pauperis* by *pro se* plaintiff Robert H. Tuck ("Tuck").[1] Tuck is an inmate the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC"). However, he complains about events that occurred when he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Tuck claims that he was denied adequate medical care while at FCIO. He complains that the facility's doctor left in 2011 and was not replaced until 2014. Doc. 1, att. 1, p. 4. During that

---

[1] Tuck names FCIO Warden Charles Maiorana ("Maiorana"), FCIO Medical Administrator Clint Sonnier ("Sonnier"), and FCIO Physician's Assistant Gaeton Galante ("Galante") as defendants. As such, this matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

　　In addition, Tuck states that he would like his "tort claim honored" [doc. 1, att. 1, p. 5], which appears to be a reference to the Federal Tort Claims Act ("FTCA") [28 U.S.C. §§ 1346(b)(1) and 2671] action that he filed on September 18, 2014 [doc. 1, att. 2. p. 81]. Same was denied on June 25, 2015. Doc. 1, att. 2, pp. 84–86.

- 1 -

time, according to plaintiff, only the physician's assistant and the region doctor were available for medical needs. *Id.*

Tuck states that on August 25, 2013, he broke his right shoulder and leg and injured his right knee. *Id.* at 1. He was brought to a hospital and surgery was performed. *Id.* He was then transferred to a long term rehabilitation unit, where he stayed until October 2013. *Id.* While there, Tuck states that his physical condition allowed only limited rehabilitation. *Id.* Tuck alleges that upon his return to FCIO he was placed on full duty status in food service despite being unable to walk. *Id.* He states that he was seen by a doctor two weeks later, who assigned him to no duty, which he alleges is still in effect. *Id.* He also states that he is in a wheelchair as his right knee cannot hold his weight for more than a few steps. *Id.*

Tuck claims that his shoulder was injured again in November 2013. *Id.* An X-ray was taken and Tuck was told that nothing was wrong. *Id.* at 1–2. In January 2014 he was taken to an orthopedic surgeon, who X-rayed him, administered a cortisone shot, and told him that he would have to tolerate the pain. *Id.* at 2. He was taken to another orthopedic surgeon in April 2014. *Id.* Tuck claims that this second doctor informed him that the hardware from the prior surgery had failed and that he needed a complete shoulder replacement as well as a knee replacement. *Id.*

The next day Tuck was seen by a physician's assistant at FCIO. *Id.* From that point until mid-June Tuck claims that he talked to Assistant Warden Baney and Health Administrators Sonnier and Almandinger several times regarding his health situation, to which they replied that they were checking into the matter and would be in touch with him. *Id.* Tuck states that no one ever got back to him. *Id.* Tuck claims that he checked with health services constantly from June until December 2014. *Id.* He states that during that time he was given pain medication in an effort to cover up his medical condition rather than getting him proper care. *Id.* He claims that none of the medication helped him. *Id.*

After filing a *habeas corpus* suit to get proper medical care, Tuck states that he was taken to another orthopedic clinic where it was confirmed that his shoulder had nerve damage and that he needed urgent medical care. *Id.* at 3. In December 2014 he was flown from FCIO to FMC, where he had shoulder replacement surgery the following April. *Id.* An x-ray taken a month later showed that his shoulder was dislocated. *Id.* Tuck claims that he was told that the dislocation occurred because of the previous delays in getting proper medical care. *Id.* Tuck's surgery a few days later to replace the shoulder hardware had good results but he states that movement and strength in his shoulder is limited and that he has permanent nerve damage causing numbness in his fingers which results in dropping things. *Id.* Tuck states that shortly after arriving at FMC, he was told that he had several illnesses caused by being on pain medication for so long at FCIO. *Id.* He also claims that FMC is denying him necessary medical treatment. *Id.* at 3–4.

As relief, Tuck asks to be released on home detention in order to get needed medical care. Doc. 1, p. 4. He also seeks compensatory damages for his pain and suffering. *Id.*

## II.
### LAW AND ANALYSIS

#### A. *Habeas Claims*

Part of the relief requested by Tuck is to be released on home detention in order to get needed medical care. The proper procedure for seeking release from custody is a *habeas* petition. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Thus, to the extent that Tuck seeks a speedier release from custody, such relief is unavailable in the instant suit. He may attempt to file a *habeas* petition provided he follows the appropriate procedure for doing so.

#### B. *Frivolity Review*

Tuck has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 4. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action

if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### *1. Bivens Action*

The Fifth Circuit has held that a *Bivens* action is analogous to a statutory action brought under 42 U.S.C. § 1983 and the analysis of a *Bivens* action is the same as a § 1983 action. *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). Thus, as in a § 1983 action, an initial inquiry in a lawsuit filed under *Bivens* is whether a plaintiff has alleged that his constitutional rights have been violated.

### *2. Medical Care*

In order to show a constitutional violation relating to their medical care, convicted prisoners must establish that the refusal or delay in providing care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the

official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), the court stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer pain from his condition is insufficient to establish that a constitutional violation has occurred. *See Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in Tuck's complaint shows that he received a massive amount medical treatment, albeit not to his liking or in his preferred time frame. His allegations, at most, state a disagreement with the medical staff regarding the procedures necessary to treat his medical issues. Therefore Tuck has not alleged facts sufficient to establish a constitutional violation and his *Bivens* claims should be dismissed.

### 3. *Federal Tort Claims Act*

Tuck names only individual defendants in his suit. The only proper defendant in an FTCA action is the United States. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Thus Tuck cannot state a viable FTCA claim against the individuals named here and his FTCA claim should be dismissed.

### *4. Injunctive Relief*

Tuck has been transferred from FCIO. Therefore, should he would attempt to categorize his request for release as injunctive, such claim would be moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 96 S.Ct. 347, 348–49 (1975) (*per curiam*); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (*per curiam*). This rule applies to Tuck's claim as well. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot).

### III.
### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that Tuck's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that Tuck's FTCA claim be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as the United States is not a defendant in this matter.

**IT IS FURTHER RECOMMENDED** that the portion of this complaint that constitutes a petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** due to Tuck's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 26th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE